IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

1. JIMMY DUKES, an individual,            )
                                          )
          Plaintiff,                      )     Case No. 17-CV-323-JHP
v.                                        )
                                          )
1. LEFLORE COUNTY, a public entity,       )
                                          )
                                          )
          Defendant.                      )

## OPINION AND ORDER

Now before the court is defendant's motion for summary judgment (Dkt. 22). Defendant seeks summary judgment arguing plaintiff fails to establish a prima facie case of interference with his Family Medical Leave Act ("FMLA") rights and that plaintiff's FMLA retaliation claim fails to demonstrate pretext with respect to that claim. (*Id*.). Plaintiff responded by claiming that defendant interfered with his FMLA rights and retaliated against him. (Dkt. 26). Defendant has further replied that plaintiff's FMLA rights were not interfered with and that he was terminated for reasons unrelated to his leave. (Dkt. 27).

## I.

**Factual Background**

Plaintiff Jimmy Dukes ("Dukes") was employed by the LeFlore County Assessor's Office as a Field Man from March 1, 2008 until he was terminated on May 15, 2017. (Dkt. 22, p. 8, ¶ 1); (Dkt. 26, p. 5, ¶ 1). Throughout the period of Dukes' employment relevant to this matter, Brenda Cockburn ("Cockburn") was the County Assessor of LeFlore County and was responsible for approving Dukes' absences and the administration of the FMLA program for her office. (Dkt. 26, pp. 5 and 8, ¶¶ 2, 11). Cockburn's First Deputy, Gayla Brown ("Brown"), communicated with Dukes regarding medical leaves and the FMLA during his employment. (Dkt. 22, p. 9, ¶ 15); (Dkt.

1

26, p. 9, ¶ 15). LeFlore County also employed a Benefits Coordinator, Brenda Parker ("Parker"), who was responsible for providing FMLA documents to department heads, such as Cockburn or her First Deputy, when necessary. (Dkt. 26, p. 9, ¶ 15). LeFlore County has an employee handbook which sets forth the relevant policies related to an employee's use of FMLA. (Dkt. 22-8). The employee handbook does not contain the forms necessary for an employee to request FMLA leave under the policy. (Dkt. 26, p. 12, ¶ 27; Dkt. 26-8, 29:3-5).

Cockburn was aware that Dukes had on-going issues with abscesses forming in his body throughout his employment with LeFlore County. (Dkt. 26, p. 7, ¶ 5). Dukes took his first FMLA leave related to these abscesses in 2015. At that time, Dukes placed Cockburn on notice of his need for medical leave and she mailed him the appropriate FMLA forms to complete and turn in and Dukes was placed on FMLA for an extended period. (Dkt. 22, p. 9, ¶¶ 10-11); (Dkt. 26, p. 8, ¶ 11); (Dkt. 26-3, 26-4, 26-5, 26-6). According to the medical certification, Dukes also needed intermittent leave under the FMLA to address re-occurrences of the abscesses. (Dkt. 26-3).

Dukes developed another abscess under his arm in March 2017 and, after conservative treatment failed, the abscess was surgically removed on March 24, 2017. (Dkt. 22, p. 9, ¶ 12). Prior to his surgery, Dukes informed Cockburn that he would need to take time off from work due to the surgery. (*Id.*, ¶ 13). Cockburn contends that she instructed Dukes to fill out the necessary paperwork to file for FMLA but it is not disputed that Cockburn thereafter failed to provide that paperwork to Dukes during his absence. (Dkt. 22, p. 9, ¶ 14); (Dkt. 26, p. 9, ¶ 14). The LeFlore County Insurance Coordinator, Brenda Parker, did provide the necessary FMLA forms to Cockburn's First Deputy, Gayla Brown, to provide to Dukes once Parker learned that Dukes was on a medical leave. (Dkt. 26, p. 9, ¶ 15). Brown failed to forward that documentation to Dukes. (*Id.*) The only documentation Cockburn sent to Dukes regarding his leave was a form for him to

obtain short-term disability benefits, which was filled out by Cockburn and Parker and then faxed to Dukes while he was on his medical leave. (Dkt. 26, p. 9, ¶ 14; Dkt. 26-9).

It is not disputed that Dukes kept both Cockburn and Brown appraised of his medical condition, treatment, the progression of his healing and his expected return to work throughout his absence. (Dkt. 22, p. 10, ¶ 17); (Dkt. 26, p. 10, ¶ 17). Dukes was released to return to work on May 15, 2017. (Dkt. 22, p. 10, ¶ 18). Upon his return to work, Dukes advised Cockburn that he would need additional leave time in the future for a subsequent surgery. (*Id.*); (Dkt. 26, p. 10, ¶ 18). Dukes was then terminated by Cockburn, who informed Dukes that he was terminated "because the job had not been done." (Dkt. 22, p. 10, ¶ 19); (Dkt. 26, p. 10, ¶ 19). Cockburn now alleges that she terminated Dukes due to an on-going attendance issue throughout his employment. (Dkt. 22, pp. 10-11, ¶¶ 23-26, 30). In spite of this assertion, Cockburn concedes that she did not "personally discipline" Dukes for excessive absenteeism at any point during his employment with LeFlore County. (Dkt. 22, p. 11, ¶ 26). The summary judgment record establishes that Dukes was permitted to work throughout 2016 and 2017 without any discipline being issued to him and there was absolutely nothing said to him regarding his attendance whatsoever. (Dkt. 26, p. 10, ¶ 19). Moreover, Cockburn admits that she made the decision to terminate Dukes' employment while he was on the 2017 medical leave and prepared his termination paperwork on May 15, 2017, the day he returned to work from that leave. (Dkt. 26, pp. 10-11, ¶ 19).

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Kendall v. Watkins*, 998 F.2d 848, 850 (10th Cir. 1993). Fed. R. Civ. P. 56(c)

"mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden to proof at trial." *Celotex Corp.*, 477 U.S. at 322. A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law." *Id*. at 251-52. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. *Garratt v. Walker*, 164 F.3d 1249, 1251 (10th Cir. 1998).

To survive summary judgment, a plaintiff "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks omitted). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*,

477 U.S. at 327.

### III.

Under the FMLA, 29 U.S.C. § 2612(a), eligible employees of certain employers, such as the defendant, may take unpaid medical leave for up to twelve weeks during any twelve-month period for a serious health condition. An employee requesting FMLA has the same obligation as any other employee to comply with all of his employer's employment policies, including leave and absence policies. *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1006 (10th Cir. 2011) (an employee who requests FMLA has no greater rights than any other employee); *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004); *Taylor v. Smith's Food & Drug Centers, Inc.*, 127 Fed. Appx. 394, *2 (10th Cir. 2005); *Branham v. Delta Airlines*, 2016 WL 1676829, at *7 (Utah Apr. 26, 2016).

The Tenth Circuit has recognized two separate theories of recovery under the FMLA, entitlement or interference and retaliation or discrimination. *Janczak v. Tulsa Winch, Inc.*, 621 Fed. Appx. 528, 531 (10th Cir. 2015); *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). As Plaintiff alleges both theories of recovery, the Court will address each claim in turn.

### A.

Defendant asserts that plaintiff fails to make a prima facie case of interference and, therefore, summary judgment is warranted. Under 29 U.S.C. § 2615(a)(1), it is unlawful for any employer to interfere with, restrain, deny the exercise of, or the attempt to exercise a person's FMLA rights. *Twigg*, 659 F.3d at 1006. In order to establish an interference claim, plaintiff must show: (1) that he was entitled to FMLA leave; (2) that some adverse action by the employer interfered with his right to take FMLA leave; and (3) that that employer's action was related to the

5

exercise or attempted exercise of his FMLA rights. *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007). Plaintiff has the burden to establish the first two elements, and the defendant has the burden with respect to the third element. *Campbell*, 478 F.3d at 1287.

Defendant contends that plaintiff's interference claim fails as he can not establish entitlement to FMLA leave given his failure to submit the requested FMLA paperwork required under defendant's policy. (Dkt. 22, pp. 12-14). Defendant's argument, however, misconstrues the plaintiff's initial burden under the entitlement theory. In order to satisfy the first prong, plaintiff must prove by a preponderance of the evidence that he was entitled to FMLA leave. Plaintiff was entitled to FMLA leave if his absence was "because of a serious health condition" which rendered him unable to perform the functions of his job. 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" entitling an employee to FMLA leave involves either inpatient care or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Here, defendant has simply failed to place plaintiff's serious medical condition at issue. In fact, defendant concedes that plaintiff placed it on notice that he suffered from a serious medical condition and that medical leave was necessary so plaintiff could undergo surgery. (Dkt. 22, p. 9, ¶¶ 12-14); (Dkt. 26, p. 9, ¶¶ 12-14).

The next element requires plaintiff to establish that an adverse action by defendant interfered with plaintiff's substantive FMLA rights. *Jones v. Denver Public Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005). Interference can include refusing requested FMLA, otherwise preventing an employee from using FMLA leave, or discouraging the employee from applying for or using the leave. 29 C.F.R. § 825.220(b); *Mardis v. Cent. Nat'l Bank & Trust of Enid*, 1999 WL 218903, at *2 (10th Cir. Apr. 15, 1999) (unpublished). Therefore, to satisfy the second element, Dukes must establish that he was prevented from taking the full twelve weeks of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave. *Campbell*

*v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007). Defendant has not contested this element in its *Motion for Summary Judgment* except insofar as the Court could construe defendant's argument that plaintiff's failure to return the requested FMLA forms defeats this prong of plaintiff's prima facie case.

The Court notes that once plaintiff placed defendant on notice of his need for an FMLA leave, the burden was then on the employer in this instance to provide the necessary paperwork to plaintiff related to his leave. 29 C.F.R. §§ 825.300, 825.302(d), 305; *Ney v. City of Hoisington, Kansas*, 264 Fed. Appx. 678, 682 (10th Cir. 2008); *Dulany v. Brennan*, 2017 WL 991070, *6 (E.D. Okla. March 14, 2017). Under the FMLA, this required defendant to provide plaintiff with a Rights and Responsibilities notice, which includes notice to the employee that a medical certification was required and the consequences of failing to provide such information. 29 C.F.R. § 825.300(c)(1)(ii). Defendant's failure to provide the appropriate notices under the FMLA has a specific consequence at the heart of this case. "Failure to follow the notice requirements set forth in this section may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights." 29 C.F.R. 825.300(e). Here, the evidence viewed in a light most favorable to plaintiff establishes that plaintiff simply awaited completion of his employer's standard practice of mailing the appropriate FMLA notices and forms to him, as was done in the past, to finalize his request for FMLA leave. 29 C.F.R. § 825.302(d); *Bones v. Honeywell International, Inc.*, 366 F.3d 869, 878 (10th Cir. 2004). Defendant's failure to provide those notices, rather than plaintiff's failure to return forms he was never provided, is the interference at issue herein as this failure prevented plaintiff from certifying his period of leave under the FMLA.

The final element requires defendant to establish that its actions were unrelated to plaintiff's attempts to exercise his rights under the FMLA. *Campbell v. Gambro Healthcare, Inc.*,

478 F.3d 1282, 1287 (10th Cir. 2007). Here, defendant argues that plaintiff would have been terminated due to his attendance regardless of his attempted exercise of rights under the FMLA. (Dkt. 22, p. 14-18). An employee may be dismissed, preventing him from exercising his statutory right to FMLA leave – but only if the dismissal would have occurred regardless of the employees request for, or taking of, FMLA leave. *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1262 (10th Cir. 1998). Plaintiff counters that all of his absences were approved by Cockburn and that he did not have a history of discipline associated with his attendance prior to the 2017 leave of absence at issue herein. (Dkt. 26, pp. 18-19). Thus, a question of fact predominates as to whether plaintiff would have been terminated regardless of his FMLA-qualified leave. *Schofield v. Maverick Country Store*, 26 F.Supp.3d 1147, 1154-55 (D. Utah 2014). Additionally, the record evidence, viewed in a light favorable to plaintiff, also establishes that Cockburn made the decision to terminate plaintiff while he was on his FMLA-qualified leave. (Dkt. 26, pp. 10-11, ¶19). When a termination decision occurs while the employee is on leave, that timing has significant probative force. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 961 (10th Cir. 2002) ("The timing of Smith's termination [, which occurred during leave,] also indicates a causal relation between her FMLA leave and her dismissal.").

In sum, plaintiff has established that questions of fact predominate on the question of whether defendant interfered with the exercise of his FMLA rights. Defendant has not properly contested plaintiff's entitlement to FMLA leave and plaintiff has raised sufficient fact questions as to whether his termination was related to his exercise, or attempted exercise, of his rights under the FMLA. Therefore, the defendant's motion for summary judgment is **DENIED** as to plaintiff's interference claim.

**B.**

Defendant next argues that summary judgment is appropriate in regard to plaintiff's retaliation claim, asserting that plaintiff fails to establish a prima facie case of retaliation or show pretext. (Dkt. 22 at 18 – 21). Plaintiff contends that the temporal proximity of his leave in relation to his termination and the pretextual nature of the termination suffice to establish that he was terminated because of his attempted use of FMLA leave. (Dkt. 26 at 19 – 22). Plaintiff's claims that defendant retaliated against him for using FMLA are analyzed using the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Janczak*, 621 Fed. Appx. at 534; *Metzler*, 464 F.3d at 1170. Plaintiff bears the initial burden of establishing a prima facie case of retaliation, then the burden shifts to the defendant to articulate a legitimate, nonretaliatory reason for the adverse employment decision. *Janczak*, 621 Fed. Appx. at 534. The burden returns to plaintiff to show the stated reason is pretextual. *Id*. To prevail, a plaintiff must establish a retaliatory animus. *Zisumbo v. Ogden Regional Med. Ctr.*, 801 F.3d 1185, 1198 (10th Cir. 2015).

To make out a prima facie case of retaliation plaintiff must show (1) he engaged in a protected activity; (2) defendant took an action that a reasonable employee would have found materially adverse; and (3) there is a causal connection between the protected activity and the adverse action. *Campbell*, 478 F.3d at 1287; *Metzler*, 464 F.3d at 1171.

Here, plaintiff has established that he availed himself of a protected right under the FMLA by taking an extended leave covered by the FMLA. Although the defendant contends the leave was not covered under the FMLA, given plaintiff's failure to return FMLA paperwork to defendant, the Court is satisfied, as set out in its analysis of the interference claim, that the onus was on the defendant to provide those forms to the plaintiff and that its failure to do so prevented

plaintiff from attaining leave under the FMLA. The plaintiff has also established that he suffered an adverse employment action as there is no dispute he was terminated from employment at LeFlore County. To establish the third element of a prima facie case of retaliation, plaintiff must show a causal connection between his protected activity of taking FMLA leave and defendant's decision to terminate his employment. "The critical inquiry at this prima facie stage is 'whether the plaintiff has demonstrated that the [employer's] action occurred under circumstances which give rise to an inference of unlawful discrimination.'" *Metzler*, 464 F.3d at 1174 (citing *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1221 (10th Cir. 2002)). "We have previously recognized temporal proximity between protected conduct and termination as relevant evidence of a causal connection sufficient to 'justify an inference of retaliatory motive.'" *Id*. The Tenth Circuit has emphasized, however, that a plaintiff may rely solely on temporal proximity only if "the termination is *very closely* connected in time to the protected activity." *Metzler*, 464 F.3d at 1174 (citing *Anderson v. Coors Brewing*, 181 F.3d 1171, 1179 (10th Cir. 1999) (emphasis in original)).

In this case, plaintiff took FMLA leave from March 24, 2017 through his release to return to work on May 15, 2017. (Dkt. 22, pp. 9, 10, ¶¶ 12, 18). He was then terminated immediately upon his return to work. (Dkt. 22, p. 10, ¶¶ 18 – 19). Because of the proximity of plaintiff's termination to his exercise of his rights under the FMLA, plaintiff has met the third element to make a prima facie case. Moreover, a causal connection for purposes of plaintiff's retaliation claim can be found by proof, as brought forth by plaintiff here, that defendant improperly interfered with plaintiff's right to FMLA leave. *Peter v. Lincoln Technical Institute, Inc.*, 255 F.Supp.2d 417, 445 (E.D. Pa. 2002).

Defendant has established a legitimate, non-retaliatory reason for plaintiff's termination in articulating that plaintiff was terminated due to his attendance which, pursuant to defendant's

policies, warrants termination.

The burden then shifts to the plaintiff to establish a material issue of fact as to whether defendant's explanations for his termination are pretextual. Defendant concedes that plaintiff was never disciplined for his attendance prior to his termination. (Dkt. 22, p. 11, ¶ 26); (Dkt. 26, p. 12, ¶ 26). Further, it is undisputed that Cockburn acquiesced to plaintiff's absences without issuing any discipline against him prior to his termination. (Dkt. 26, p. 8, ¶ 6); (Dkt. 27, p. 2, ¶ 6). Finally, plaintiff has brought forth evidence which establishes that Cockburn made the decision to terminate his employment while he was on an FMLA-qualified leave and communicated that termination, "because the job had not been done," the day he was scheduled to return to work from his leave. (Dkt. 26, pp. 10-11, ¶ 19). In this context, a question of fact predominates as to whether plaintiff would have been terminated regardless of his FMLA-qualified leave. *Schofield v. Maverick Country Store*, 26 F.Supp.3d 1147, 1154-55 (D. Utah 2014).

The Court finds that a factual dispute exists for the jury as to whether the defendant's actions were pretextual and therefore **DENIES** *Defendant's Motion for Summary Judgment* as to these claims.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Summary Judgment is therefore **DENIED**.

**IT IS SO ORDERED** this 3rd day of October, 2018.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma